PETITION UNDER 28 U.S.C. § 1651 FOR WRIT OF ERROR CORAM NOBIS BY A PERSON NO LONGER IN STATE CUSTODY PURSUANT TO CHALLENGED CONVICTION

✎AO 241 (Rev 10/07)



**PETITION UNDER 28 ~~U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY~~**

| United States District Court | District: New Hampshire |
|---|---|
| Name (under which you were convicted): David Fischer | Docket or Case No.: 12-fp-85 |
| Place of Confinement : New Hampshire State Prison | Prisoner No.: 28618 |
| Petitioner (include the name under which you were convicted) David Fischer | v. Respondent (authorized person having custody of petitioner) Richard Gerry, Warden N.H.S.P. |
| The Attorney General of the State of New Hampshire | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Strafford County Superior Court Dover, New Hampshire

   (b) Criminal docket or case number (if you know): 96-S-958/959

2. (a) Date of the judgment of conviction (if you know): September 1996

   (b) Date of sentencing: November 1996

3. Length of sentence: 7½-15 years, 3½-7 years, consecutive

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Attempted First Degree Assault Witness Tampering

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: New Hampshire Supreme Court

(b) Docket or case number (if you know): 143 N.H. 311 (1999)

(c) Result: Affirmed

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ☐ Yes ☒ No

If yes, answer the following: No higher State court

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Strafford County Superior Court

(2) Docket or case number (if you know): 96-S-958/959

(3) Date of filing (if you know): 1999

(4) Nature of the proceeding: Motion for New Trial

(5) Grounds raised: Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes ☐ No

(7) Result: Affirmed

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Strafford County Superior Court

(2) Docket or case number (if you know): 96-S-958/959

(3) Date of filing (if you know): August 2011

(4) Nature of the proceeding: Petition for Writ of Error Coram Nobis

(5) Grounds raised: That the failure of the trial court to give any instruction on the ~~the~~ definition of the element of Serious Bodily Injury was a structural error requiring automatic reversal under State v. Kousounadis, 159 N.H. 413, 422 (2009)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Petition DENIED

(8) Date of result (if you know): September 30, 2011

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☒ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** That under New Hampshire law failure to instruct the jury on a statutory definition of an element cannot be harmless error

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In it's October 21, 2004 3JX decision, the New Hampshire Supreme Court held that the trial court's failure to instruct the jury on the statutory definition of Serious Bodily Injury was harmess error because the defendant "failed to prove prejudice. However, in State v. Kousounadis, 159 N.H. 413 (2009) the full court held that failure to instruct the jury on an element of the offense can never be harmless.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: The law was unclear at the time of direct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: 5

Type of motion or petition: Petition for Writ of Coram Nobis

Name and location of the court where the motion or petition was filed:

Strafford County Superior Court, Dover, NH

Docket or case number (if you know): 96-S-958/959

Date of the court's decision: September 30, 2011

Result (attach a copy of the court's opinion or order, if available): Denied (see attached)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

New Hampshire Supreme Court

Docket or case number (if you know): 2011-0716

Date of the court's decision: November 23, 2011

Result (attach a copy of the court's opinion or order, if available): Notice of Appeal Denied (see attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two N/A

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. United States District Court, District of New Hampshire, Case no. 05-CV-35-SM, Petition for Writ of Habeas Corpus, August 29, 2006, State's Motion for Summary Judgment - Granted.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❒ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Joseph Malfitani, N.H Public Defender 142 Portsmouth Ave., Stratham NH 03885

(b) At arraignment and plea: Joseph Malfitani, N.H. Public Defender 142 Portsmouth Ave., Stratham NH 03885

(c) At trial: Joseph Malfitani, N.H. Public Defender 142 Portsmouth Ave., Stratham NH 03885

(d) At sentencing: Joseph Malfitani, N.H. Public Defender 142 Portsmouth Ave., Stratham NH 03885

(e) On appeal: Donald Bisson, N.H. Appellate Defender 2 White St., Concord, NH 03301

(f) In any post-conviction proceeding: Sven Wiberg 2456 Lafayette Road, Portsmouth, NH 03801

(g) On appeal from any ruling against you in a post-conviction proceeding: Sven Wiberg 2456 Lafayette Road, Portsmouth, NH 03801

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☒ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Strafford County Superior Court, Dover, NH
Docket #: 219-2010-CR-0127

(b) Give the date the other sentence was imposed: May 25, 2011

(c) Give the length of the other sentence: 5-10 years

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☒ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

- First, this is not an application under 28 U.S.C. § 2244(d) or 28 U.S.C. § 2254, but a Petition for Writ of Coram Nobis, filed pursuant to 28 U.S.C § 1651, challenging the legitimacy of a conviction for which I have completed all terms.
- I am challenging the legitimacy of my 1996 conviction because the court used the fact of that conviction to expose me to an extended term of imprisonment for my 2010 conviction.
- This petition is timely filed as I exhausted State remedies on the instant issue as of January 12, 2012, the date when the New Hampshire Supreme Court denied my Motion to Reconsider declination of appeal.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacate my conviction(s) in 96-S-958/959 and order a new trial

or any other relief to which petitioner may be entitled.

N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 2-27-12 (month, date, year).

Mailed to friend who copied and forwarded to the court via U.S. Mail on 3/2/12.

Executed (signed) on 2-27-12 (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition

N/A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Strafford Superior Court
259 County Farm Rd./PO Box 799
Dover NH 03821-0799

Telephone: (603) 742-3065
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**DAVID FISCHER**
**#28618**
**C/O NH STATE PRISON**
**PO BOX 14**
**CONCORD NH 03302-0014**

Case Name: **State v. DAVID FISCHER**
Case Number: **219-1996-CR-00958** ***219-1996-CR-00959***

Please be advised that on September 26, 2011 Judge Brown made the following order relative to:

Def. Pro-Se Petition for Writ of Error Coram Nobis: "Petition denied as not supported in the law."

September 30, 2011

Julie W. Howard
Clerk of Court

(276)

C: Thomas P. Velardi, ESQ

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2011-0716, State of New Hampshire v. David Fischer, the court on November 23, 2011, issued the following order:**

Notice of appeal is declined. See Rule 7(1)(B).

Under Supreme Court Rule 7(1)(B), the supreme court may decline to accept a notice of discretionary appeal from the superior, circuit, district, or probate court or from the family division. No appeal, however, is declined except by unanimous vote of the court with at least three justices participating.

This matter was considered by each justice whose name appears below. If any justice who considered this matter believed the appeal should have been accepted, this case would have been accepted and scheduled for briefing.

Declined.

Dalianis, C.J., and Duggan, Hicks, Conboy and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**

Distribution:
Clerk, Strafford County Superior Court, 219-1996-CR-00958, 00959
Honorable Kenneth C. Brown
√Mr. David Fischer
Attorney General
File